Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.

———————

HERNÁNDEZ *v.* RESTO ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 129.—Resuelto en Diciembre 15, 1904.

INTERDICTO DE RETENER LA POSESIÓN—DERECHOS DEL POSEEDOR.—El Poseedor de un inmueble tiene derecho indiscutible á ser respetado y amparado en su posesión, pero para que á su instancia proceda el interdicto de retener es. indispensable que demuestre que el demandado le haya perturbado en tal posesión por actos que manifiesten la intención de inquietarle ó despojarle de ella.

Los hechos están expresados en la opinión.
Abogado de los apelantes: *Sr. Ramos (Juan. R.)*
Abogado del apelado: *Sr. Benedicto (José E.).*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del Tribunal.

Con fecha once de Julio del año próximo pasado el Letrado Don José E. Benedicto, á nombre de Don Juan Hernandez, produjo ante la Corte de Distrito de Arecibo demanda de interdicto de retener la posesión de una finca rústica contra A. Resto, Nicasio Collazo y Ramón Pérez, alegando como hechos que hacía diez años se hallaba el demandante en posesión de dicha finca radicada en el barrio del Coto, sitio denominado

Matruya de la jurisdicción de Manati, compuesta de cuarenta
y cinco cuerdas de terreno á café y frutos menores, con dos
casas de madera del pais techadas de paja, cuya finca colinda
por el Norte con terrenos de Don Francisco Agosto y Don
Juan A. Ramos, por el Oeste con terrenos de Don Salvador
Calaf, y por el Sud y Este con los de Doña Ricarda Velez de
Ramos; que adquirió la expresadá finca á título de compra de
Doña Ricarda Velez y sus hijos Don Juan A. y Don Isidoro
Ramos en ocho de Agosto de 1894; y que Juan A. Resto, Ni-
casio Collazo y Ramón Perez propagaban que el inmueble
descrito no pertenecia al Hernández, introduciéndose de con-
tínuo en él y cojiendo sus frutos, con lo cual perturbaban la
quieta y pacífica posesión del demandante.

Practicada información testifical sobre el hecho de la po-
sesión por parte de Don Juan Hernandez, y perturbación en
la misma por parte de los demandados, declararon en sentido
afirmativo Don Juan A. Ramos, Don Isidoro de los mismos
apellidos y Don Gabriel Roig; despues de lo cual·fueron con-
vocadas las partes á juicio verbal, al que concurrieron el Le-
trado de la parte actora y el abogado Don Juan Ramón Ramos
Velez, en representación de Juan A. Resto y Nicasio Collazo,
quienes se opusieron á la demanda, presentando como testigo á
Don Juan Ramos Casellas, quien declaró que es dueño de un
terreno en el barrio del Coto de Manatí, que hubo de Don Fran-
cisco Baez y está inscrito en el Registro de la Propiedad, cuyo
terreno está poseyendo, teniéndolo á su cargo Juan A. Resto,
Nicasio Collazo y Ramón Perez, de los cuales el primero le dá
cuenta de su parte, habiéndose marchado los dos últimos hacía
una sermana, después que verificaron el cosecho.

A instancia del Letrado representante de Juan A. Resto y
Nicasio Collazo, declararon el mismo demandante Don Juan
Hernandez, Don Gabriel Roig, Don Juan A. Ramos Velez y
Don Isidoro Ramos, de los cuales el primero dice que ad-
quirió los terrenos de que se trata por compra á Doña Ricarda
Velez de Ramos y hace quince años está en posesión de ellos,

encontrándose en los mismos Resto, Collazo y Perez quienes tomaban los frutos de la finca, habiéndoles denunciado varias veces por no haberle rendido cuenta de sus productos; el segundo, ó sea Roig, manifiesta que Hernández ha estado siempre en posesión de los terrenos, y que Resto, Collazo y Perez nunca le han entregado frutos, pues se los apropiaban en beneficio propio, agregando á repregunta de la parte contraria que cuando entró á administrar la finca vivian allí los demandados, de los cuales Resto tenía algo en ella y nada los otros dos; el tercero, ó sea Don Juan Ramos Velez, expresa que poseia una estancia en el barrio del Coto y vendió cuarenta y cinco cuerdas de ella á Don Juan Hernández á quien se otorgó un documento privado, contestando á repregunta de la parte contraria que desde hacía siete años estaba Resto en la finca y desde el año anterior se negaba á entregarle la cosecha, no habiendo sido entregados los frutos á Hernandez porque fueron embargados por el Juzgado; y el cuarto, ó sea Don Isidoro Ramos, declara que vendió una finca á Hernandez y que desde entonces se encontraba éste en posesion de ella, habiendo sido colocados en la misma Resto, Collazo y Perez por el mismo comprador quien les dijo que podían disponer de los frutos menores, habiendo Resto, Collazo y Perez inquietado en la posesión al Hernandez.

Fué propuesta también prueba documental por el Letrado del demandante y el de los demandados Resto y Collazo; pero solo se trajo á los autos á instancia de dichos Resto y Collazo y tambien de Ramon Perez, á quien hizo extensiva su representación Don Juan R. Ramos Velez, certificación expresiva de que ante la Corte de Distrito de Arecibo habia pendiente información de dominio promovida por Don Juan Hernandez sobre los terrenos á que se contrae el interdicto, á cuya información se habia opuesto Don Juan Ramos Casellas.

La Corte de Arecibo dictó sentencia en dos de Octubre del año próximo pasado, por la que declaró con lugar el interdicto, mandando se mantenga á Don Juan Hernandez en posesión

de la finca de que se trata, sin perjuicio de tercero, y que se requiera á los demandados para que en lo sucesivo se abstengan de cometer los actos de perturbación con que han inquietado é intentado despojar al demandante, bajo el apercibimiento que corresponda con arreglo á derecho, condenando á los demandados al pago de las costas y reservando á ambas partes el derecho que puedan tener sobre la propiedad ó sobre la posesión definitiva que podrán utilizar en el juicio correspondiente.

Contra dicha sentencia interpuso la representación de los demandados recurso de apelación que fué oido en ambos efectos, y elevados los autos á esta Corte Suprema, prévia citación y emplazamiento de las partes, se dió al recurso la tramitación prevenida por la ley, señalándose dia para la vista, á cuyo acto asistió únicamente el abogado de los apelantes.

Contra dicha sentencia interpuso la representación de los demandados recurso de apelación que fué oido en ambos efectos, y elevados los autos á esta Corte Suprema, prévia citación y emplazamiento de las partes, se dió al recurso la tramitación prevenida por la ley, señalándose día para la vista, á cuyo acto asistió únicamente el abogado de los apelantes.

Examinadas las pruebas practicadas en el juicio, cuyo resultado ha sido expuesto de una manera sucinta, aparece justificado que el demandante Don Juan Hernandez se encontraba en posesión de los terrenos á que se contrae su escrito de demanda, teniendo derecho indiscutible á ser respetado y amparado en tal posesión ; pero falta prueba de que los demandados le hayan perturbado en ella por actos que manifiesten la intención de inquietarle ó despojarle, pues los testigos que han declarado en el juicio atendidos los términos en que lo han hecho, no son bastantes á justificar ese extremo, tan necesario como el de la posesión, para que proceda el interdicto de retener, según el precepto del artículo 1649 de la Ley de Enjuiciamiento Civil, aplicable al presente caso.

Por las razones expuestas, opinamos que debe revocarse la sentencia dictada por la Corte de Distrito de Arecibo en dos de Octubre del año próximo pasado, y declararse sin lugar la demanda de interdicto de retener la posesión, propuesta por Don Juan Hernandez, con las costas causadas en el juicio á cargo del mismo y las del recurso sin especial condenación.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras, MacLeary y Wolf.